# OPINIONS PER CURIAM.

### H. GIBBONS V. EUDORA WOOLLEY.
#### No. 14,334.   (85 Pac. 809.)

1. DAMAGES—*Breach of Contract to Marry—Evidence and Verdict.* Evidence examined in an action for damages for breach of a promise to marry and held to support a verdict for plaintiff.

2. ———— *Verdict — Approval — Comment by Trial Court.* It was said that the trial court's comment upon the verdict was not equivalent to a disapproval thereof.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed June 9, 1906. Affirmed.

*Adams & Adams,* for plaintiff in error.
*Henry C. Sluss,* for defendant in error.

*Per Curiam:* This action was brought in the district court of Sedgwick county by the defendant in error to recover damages for the breach of a contract of marriage alleged to have been made with her by the defendant. She obtained a verdict and judgment for $1000. The defendant is not satisfied and brings the case here for review.

He insists that the verdict is contrary to the evidence. The evidence produced on the trial consists of the oral testimony of each party, and the correspondence between them, both before and after the contract is claimed to have been entered into. The plaintiff testified fully to the contract of marriage, and gave a history of the tender and endearing circumstances which attended the exchange of nuptial vows. Her story is consistent, natural, and bears the impress of truth.

On the other hand, the defendant denied the contract of marriage, but on cross-examination admitted the ex-

Gibbons v. Woolley.

istence of a relation between himself and the plaintiff which suggests marriage as an appropriate and highly proper supplement thereto. His story indicates that he must have known that she was deeply infatuated with him and believed their marriage a certainty.

His statement as a witness is open to the construction that he did not intend at any time to marry the plaintiff and never promised to do so, but indulged and encouraged her in the belief that he intended to make her his wife; that she sat upon his lap for hours and yielded herself to his caresses in full expectation of a speedy marriage, while he held her in his arms and fondled her with intentions wholly foreign to matrimony. Both parties agree that their amatory demonstrations did not at any time reach the point where they could be called improper.

These two views were presented to the jury by the statements of the parties on the witness-stand. The letters introduced in evidence, when considered apart from the intimate relations of the parties as shown by their oral testimony, do not disclose anything that would suggest a marriage contract, but, on the contrary, convey the impression that none existed. When read in the light of these amatory relations they appear to be consistent with, even though not very strongly supporting, the view that a contract of marriage was entered into. We do not think the letters affect the case very much either way.

Under the evidence a verdict for the defendant would not have been open to serious criticism. The question to be decided was one eminently appropriate for the consideration of a jury. Each juror had an opportunity to see the parties while on the witness-stand, to note the manner in which their testimony was given, and generally to compare the two witnesses and determine which was the more credible. There is nothing in the record which indicates passion or prejudice on the part of the jury, and as there is evidence in the case which supports the verdict we cannot disturb it.

It is further claimed that the district court did not approve the verdict, but made use of language, at the time the motion for a new trial .was denied, which amounts to a disapproval thereof. The language referred'to reads:

"Gentlemen, this is one of the cases where it is just possible that if the case had been ·tried by the court a different conclusion might have been reached, so far as determining the question of a contract. If tried by the court he might have found a great deal of difficulty in reaching the same conclusion that the jury did. But I believe this is also true: that if new trials in this case were granted that each successive jury would reach the same conclusion that this jury did and find a verdict for the plaintiff."

We do not regard. this as equivalent to a disapproval. The verdict was approved by refusing to grant the new trial, and the most that can be said of the court's remarks is that in its judgment all juries would reach the same conclusion, while the court might possibly have found differently. This falls short of a statement that the verdict was wrong or that the court would have reached a different conclusion.

The judgment is affirmed.